UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No.

AMANDA ROGERS, individually,

    Plaintiff,

-vs-

CREDIT COLLECTION SERVICES, INC., a
domestic profit corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AMANDA ROGERS, individually (hereinafter "Plaintiff"), sues Defendant, CREDIT COLLECTION SERVICES, INC., a domestic profit company (hereinafter "Defendant") for violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") and in support thereof states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a natural person and citizen of the State of Florida, residing in Broward County, Florida.

2. Upon information and belief, Defendant is a domestic profit company with its principal place of business in Boston, Massachusetts, and is registered with the Massachusetts Department of State as a foreign corporation.

3. This Court has federal question jurisdiction because this case arises out of violations of federal laws: 28 U.S.C. § 1331 and 47 U.S.C. §227(b). *See* Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740 (2012).

4. Venue is proper in Broward County, Florida pursuant to 18 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Broward

County, Florida. Plaintiff is a resident of Broward County, Florida.

## FACTUAL ALLEGATIONS

5. At all times material hereto, Plaintiff was a "person" as defined by 47 U.S.C. § 153(39).

6. In 2014, Defendant began placing autodialed and/or prerecorded calls to Plaintiff's cellular phone.

7. Plaintiff did not and has not expressly consented to Defendant's automated/autodialed calls to her cellular phone.

8. Under the TCPA, the burden is on Defendant to demonstrate that Plaintiff provided her prior express consent within the meaning of the statute.

9. Despite never giving express consent, Plaintiff, on March 19, 2015, revoked any indicia of consent and expressly demanded that Defendant cease, desist, and never again contact Plaintiff on her cellular phone.

10. Despite Plaintiff's demand that Defendant cease and desist all autodialed calls to his cellular phone, Defendant has placed over nineteen (19), additional autodialed and/or prerecorded phone calls to Plaintiff on her cellular phone to date.

11. Despite Plaintiff's demand, Defendant continues to call.

12. Plaintiff is informed, believes, and based thereon alleges that all phone contact by Defendant to Plaintiff on her cellular phone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

13. None of Defendant's phone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

14. Defendant's telephone calls to Plaintiff's cellular phone, which were placed through the use of an "artificial or prerecorded voice," or through an "automatic telephone dialing system"

[1523836/1]  2

for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

15. Upon information and belief, Plaintiff's experience is typical of that of other Defendant's customers, and that Defendant maintains a coordinated program of calling customers using an "automatic telephone dialing system" and/or "an artificial or prerecorded voice."

16. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

17. Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 16.

18. Defendant, or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellular phone using an automatic telephone dialing system, and/or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

19. Defendant continued and continues to make such calls despite never having prior express consent.

20. Defendant continued and continues to make such calls despite Plaintiff's demand to cease and desist.

21. Defendant willfully or knowingly violated the TCPA.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

1. $500.00 dollars in statutory damages for each violation of the TCPA;
2. $1,500.00 dollars in statutory damages for each knowing, or willful, violation of the TCPA;
3. a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;
4. a permanent injunction prohibiting Defendant from placing non-emergency phone calls to

Plaintiff's cellular phone using an automatic telephone dialing system, or pre-recorded and/or artificial voice;

5. any actual damages as provided for in the TCPA
6. attorney's fees and litigation costs; and
7. such other or further relief as the Court deems proper.

### JURY TRIAL REQUEST

Plaintiff respectfully requests a jury trial on all issues so triable.

Dated this 12th day of May, 2016.

                                      Respectfully Submitted,

                                      ZEBERSKY PAYNE, LLP
                                      *Counsel for Plaintiff, Amanda Rogers*
                                      110 S.E. 6th Street, Suite 2150
                                      Ft. Lauderdale, Florida 33301
                                      Telephone: (954) 989-6333
                                      Facsimile: (954) 989-7781
                                      Primary Email: jshaw@zpllp.com
                                      Tertiary E-mail: mperez@zpllp.com

                                      By_____
                                          JORDAN A. SHAW, ESQ.
                                            Florida Bar No. 111771